UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

VIVIAN DOROTHEA GROVER-TSIMI,

        Plaintiff,

v.

AMERICAN LASER CENTERS, LLC
on behalf of medical providers,
AMERICAN LASER CENTER (EAGAN),
AMERICAN LASER CENTER (EDINA), on
behalf of clinicians/technicians,

        Defendants.

_____

Civil No. 09-2729 (DSD/JJK)

**REPORT AND RECOMMENDATION**

        This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

        Plaintiff alleges that approximately four years ago she sought medical care and treatment for some skin conditions. She had an initial consultation with Defendant American Laser Center (Eagan), and she was later treated by an affiliated co-Defendant, American Laser Center (Edina). According to Plaintiff's complaint, the

1

treatment prescribed and administered by Defendants and their employees caused her significant pain. In addition, Plaintiff allegedly suffered many serious side effects, including burns on her skin that "ached producing swelling, redness, and unpleasant scabbing." (Complaint, p. 2.) Plaintiff informed Defendants about her continuing skin-related medical problems, but Defendants were either unwilling or unable to treat those problems effectively.

Plaintiff is now claiming that Defendants were negligent, and committed medical malpractice, while treating her skin conditions. She further claims that she suffered significant injuries as a result of Defendants' alleged negligence and malpractice, and she is seeking a judgment against Defendants for an amount "in excess of $140,000.00" as compensation for her injuries.

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied,

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, it plainly appears on the face of Plaintiff's complaint that there are no grounds for federal subject matter jurisdiction. The complaint expressly states that Plaintiff is seeking relief based on Defendants' alleged "negligence" and "malpractice," which are state common law tort theories. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Plaintiff has likewise failed to show that subject matter jurisdiction exists under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. Indeed, the complaint clearly indicates that Plaintiff and at least some of the named Defendants are residents of the same state, namely Minnesota.[2]

Because it appears on the face of Plaintiff's complaint that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current claims for relief cannot be litigated in federal court. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be

---

[2] Plaintiff's complaint consistently indicates that this action is brought against multiple Defendants. One of the Defendants that Plaintiff is attempting to sue is "believed to be headquartered" in Michigan. (Complaint, p. 3.) However, it clearly appears that the remaining Defendants are Minnesota residents, located in Eagan, Minnesota, and Edina, Minnesota.

summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).


Dated: October 16, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 30, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3]  The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court.